Martin Sr v. Indiana State of
Doc. 4
case 3:05-cv-00710-TLS-RBC   document 4   filed 11/09/2005   page 1 of 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAPHAEL MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:05-CV-710-TS |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On October 31, 2005, *pro se* petitioner, Raphael Martin, filed a petition seeking relief under 28 U.S.C. § 2254. Martin also submitted a "Petition to Stay and Abey." Martin's date of judgment of conviction is December 17, 2003. The Indiana Court of Appeals affirmed his conviction on August 6, 2004. Martin's petition for state post-conviction relief is currently pending in state court.

In *Rhines v. Weber*, 125 S. Ct. 1528 (2005), the Supreme Court set forth guidelines in determining whether to stay a habeas petition containing both exhausted and unexhausted claims. The district court must first determine whether there is "good cause" for the petitioner's failure to exhaust his claims first in state court and then review the state claim to determine whether it is "plainly meritless." *Rhines*, 125 S. Ct. at 1535. The district court should also make certain there is no indication the defendant "engaged in intentionally dilatory litigation tactics." *Id.* In this case, Martin does not argue that his petition contains both exhausted and unexhausted claims. Because Martin's petition does not appear to be a mixed petition—that is, one containing both exhausted and unexhausted claims—there is no basis on which to stay the petition.

Additionally, it appears that his post-conviction proceeding is a qualifying state court proceeding that tolls the one-year statute of limitations on state prisoners seeking habeas corpus

relief pursuant to 28 U.S.C. §2244(d). Martin's one year in which to file his habeas corpus petition is tolled while the state post-conviction petition is properly pending. Because Martin has not shown good cause why this petition should be stayed, the motion [DE 3] is DENIED, and the petition is DISMISSED without prejudice so that he can re-file a petition for writ of habeas corpus once he has exhausted his state court remedies. The motion for leave to proceed in forma pauper [DE 2] is DENIED.

  SO ORDERED on November 9, 2005.

               s/ Theresa L. Springmann
              THERESA L. SPRINGMANN
              UNITED STATES DISTRICT COURT